IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA AGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  3:15-cv-145 |
| ) | |
| WALGREEN COMPANY, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff Lisa Agee by and through her attorneys Rhode & Jackson, PC, and for her Complaint states as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment, injunctive relief, and damages to redress unlawful sex discrimination and retaliation.

2. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981a.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) for violation of Plaintiff's federal rights as provided in 42 U.S.C. § 2000e et seq.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), in that all or substantially all of the events or omissions giving rise to the claims occurred in the Southern District of Illinois.

### PARTIES

5. Plaintiff Lisa Agee ("Agee") is a female citizen of the United States who resides in Mt. Vernon, Illinois.

6. At all times relevant herein, Agee was employed by Defendant Walgreen Company ("Walgreens") at its distribution center located in Mt. Vernon, Illinois.

7. Walgreens employs more than fifteen (15) employees and is and has been at all times material to the allegations herein, an employer within the definition of Title VII.

## PROCEDURAL FACTS

8. Agee protested her unlawful disparate treatment to Walgreens months before she filed her complaint with the Equal Employment Opportunity Commission ("EEOC"), but Walgreens took no corrective action.

9. On November 2, 2010, Agee filed a charge of sex discrimination and retaliation with the EEOC. A true and accurate copy of the EEOC Charge of Discrimination is attached hereto as Exhibit A.

10. The EEOC conducted an investigation of Agee's charge and found that Walgreens had discriminated against a class of employees including Agee, based on their sex, female, in that they were subjected to harassment in violation of Title VII. A true and accurate copy of the EEOC's determination dated September 12, 2011, is attached hereto as Exhibit B.

11. After an attempt at conciliation which was unsuccessful, the EEOC issued Agee her Notice of Right to Sue dated November 12, 2014. A true and accurate copy of the EEOC's Right to Sue Notice is attached hereto as Exhibit C.

12. This Complaint is timely filed within ninety (90) days of the receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

13. Walgreens has 22 distribution centers which deliver merchandise to over 8,000 retail locations.

14. Agee began her employment as a full-time utility employee with Walgreens on October 17, 1994, at its distribution center in Mt. Vernon, Illinois.

15. From October 17, 1994 to August 2, 2008, Agee worked in several different departments at Walgreens gaining experience in several areas for purposes of potential advancement.

16. Agee did not have any problems or issues in any department she worked in until she transferred into the Maintenance/Janitorial Department as a Janitorial - Saturday through Wednesday employee, on or about August 2, 2008.

17. David Strunk ("Strunk"), Maintenance/Janitorial Function Manager, was Agee's immediate supervisor.

18. On numerous occasions Agee requested and was denied overtime opportunities by Strunk.

19. Despite Agee's repeated requests Strunk refused to assign her overtime while giving overtime opportunities to other employees.

20. When Agee asked Strunk to assign her overtime work, Strunk told Agee that she needed to be "nice" to him, implying that she needed to provide Strunk with sexual favors before he would assign her overtime.

21. Agee refused to provide sexual favors to Strunk and was therefore not assigned overtime work.

22. Agee was also involved in Walgreens' fund raising activities and was appointed to the fund raising committee by the Human Resource Department. Agee felt honored by the appointment.

23. After Agee refused to provide sexual favors to Strunk and complained, Gary

Lankford ("Lankford"), the leadman in the Janitorial/Maintenance Department, took Agee off the committee.

24. Lankford worked directly under Strunk and was friends with Strunk.

25. Agee spoke with Strunk's supervisor, Don Magnus ("Magnus") about Strunk continually denying her overtime opportunities and about being taken off the fund raising committee.

26. When Magnus refused to address either concern, Agee went to his supervisor.

27. Magnus angrily told Agee not to go over his head again.

28. Magnus still refused to address Agee's complaints of disparate treatment by Strunk.

29. On December 28, 2009, Strunk approached Agee and asked her in a provocative voice if she had any idea how beautiful she was.

30. On or about January 11, 2010, Strunk told Agee if she would "treat him right", he would take care of her, indicating to Agee by his manner and demeanor that if she would grant him sexual favors, he would give her overtime.

31. Agee again refused to provide sexual favors to Strunk.

32. On February 27, 2010, Agee pulled a muscle in her back.

33. On March 3, 2010, Strunk came out on the warehouse floor and asked Agee to show him how she had hurt her back.

34. When Agee demonstrated, Strunk stood very close to her so that she had difficulty bending down and commented, "very nice" while leering at her rear-end.

35. Strunk suggested that they could go to a hotel and he would work her back out for her, again implying sexual intentions by his voice and demeanor. Agee refused.

36. On multiple occasions, Strunk would come up behind Agee at work and try to rub her back.

37. On or about March 16, 2010, Strunk told Agee that he had driven by her house and saw a blue Jeep in the driveway.

38. Strunk asked Agee what her husband would think if he stopped by. Agee told Strunk that her husband would not like it.

39. In April 2010, Strunk cornered Agee in the warehouse and told her in a provocative voice how beautiful her hair looked.

40. Strunk tried to touch Agee.

41. Agee jerked away and told Strunk to stop and she fled to the restroom.

42. On or about April 12, 2010, Strunk told Agee he went by her house again.

43. Strunk told Agee he knew he could talk to Agee as he had been doing because she was not the kind of girl to tell on him.

44. On or about April 26, 2010, Agee again inquired about overtime to Strunk.

45. Strunk told Agee that if she made him "happy", he would make certain she would get all the overtime she wanted; indicating again the sexual intent of his comment by voice and demeanor.

46. In May 2010, Strunk asked Agee why she did not dress younger because she could look very sexy if she did.

47. In May 2010, Agee again asked Strunk about the availability of overtime.

48. Strunk told her he could give it to her if he wanted, but she would have to make him "happy"; still indicating by his conduct, comments, and demeanor that overtime would require her to provide sexual favors to him.

49. Agee found Strunk's comments, conduct, and touching unwelcomed.

50. In June 2010, Strunk called Agee while she was on vacation to ask her how her vacation was going and if she wanted to work overtime.

51. When Agee returned from vacation, Strunk commented about Agee's fingernail polish and then grabbed Agee's hand and started stroking it. Agee found this conduct unwelcomed.

52. Strunk gazed down Agee's body in a leering manner and asked her what else she had painted. Agee found this conduct unwelcomed.

53. Agee complained to Walgreens' management about Strunk denying her overtime opportunities when she refused his advances.

54. Walgreens refused to take any corrective action.

55. As a result of Walgreens' refusal to take corrective action, Agee was continually subjected to a discriminatory and sexually harassing environment as well as being deprived of her wages and employment benefits.

## COUNT I
### (Sex Discrimination and Sexual Harassment)

56. Plaintiff hereby repeats and realleges paragraphs 1 through 56 as though fully set forth herein.

57. By the conduct described above, Defendant intentionally discriminated against Plaintiff by applying different terms, conditions, and privilege of her employment toward her because of her sex.

58. As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff was subjected to a sexually harassing work environment.

59. As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer loss of wages, benefits, and other compensation.

60. As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer humiliation, embarrassment, emotional distress, and loss of enjoyment of life.

WHEREFORE, Plaintiff Lisa Agee requests judgment as follows:

(A) For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;

(B) For non-economic damages including, but not limited to, emotional distress, humiliation, and loss of enjoyment of life in an amount to be proven at trial;

(C) Punitive damages in an amount to be determined at trial;

(D) For pre-judgment interest;

(E) For reasonable attorneys' fees and costs of suit; and

(F) For such other and further relief as the Court deems just and proper.

## COUNT II
### (Retaliation)

61. Plaintiff hereby repeats and realleges paragraphs 1 through 56 as though fully set forth herein.

62. By the conduct described above, Defendant intentionally retaliated against Plaintiff for complaining about the discrimination and harassment she was subjected to in her workplace; a protected activity under Title VII of the Civil Rights Act of 1964.

63. As a result of Defendant's unlawful and willful retaliatory acts complained of herein, Plaintiff has and will continue to suffer loss of wages, benefits, and other compensation.

64. As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer humiliation, embarrassment, emotional distress, and loss of enjoyment of life.

WHEREFORE, Plaintiff Lisa Agee requests judgment as follows:

(A) For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;

(B) For non-economic damages including, but not limited to, emotional distress, humiliation, and loss of enjoyment of life in an amount to be proven at trial;

(C) Punitive damages in an amount to be determined at trial;

(D) For pre-judgment interest;

(E) For reasonable attorneys' fees and costs of suit; and

(F) For such other and further relief as the Court deems just and proper.

> Respectfully submitted,
> Lisa Agee, Plaintiff
>
> By:   s/Shari Rhode_____
> Shari Rhode, one of Plaintiff's Attorneys
> Attorney(s) for Plaintiff
> Shari R. Rhode, #2324598
> Cassie R. Korando #6304854
> Rhode & Jackson, PC
> 1405 West Main Street
> Carbondale, IL 62901
> Telephone: 618.529.8092
> Facsimile: 618.529.8582
> Email: srhode@rhodeandjackson.com
>       ckorando@rhodeandjackson.com