IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA AGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 15-CV-145-SMY-PMF |
| | ) |
| WALGREEN COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Lisa Agee filed suit against Defendant Walgreen Company ("Walgreens"), alleging sexual harassment and retaliation claims in violation of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e *et seq.* and disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Now before the Court is Walgreen's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 30) to which Plaintiff responded (Doc. 33). For the following reasons, the motion is **DENIED**.

### Background

In Count III of the Amended Complaint, Plaintiff alleges that Walgreens violated the ADA by failing to provide her with reasonable accommodations for her qualified disability (Doc. 20, pp. 9-11). Specifically, Plaintiff alleges that on March 20, 2013, she fell from a ladder during the performance of her janitorial job at Walgreens' Distribution Center, sustaining a concussion, broken vertebrae, traumatic brain injury and post-concussive syndrome which affect her cognitive abilities and substantially limited major life activities (*Id.*). Plaintiff further alleges that her psychiatrist placed her on permanent work restrictions and on April 17, 2014, she requested to return to work with an accommodation for those restrictions (Doc. 20, pp. 10-11).

However, Walgreens did not accommodate Plaintiff's disability or allow her to return to work until April 13, 2015 (*Id.*).

On December 8, 2014, Plaintiff, proceeding *pro se*, submitted an intake questionnaire to the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination, disability discrimination and retaliation claims against Walgreens (Doc. 33-1). On January 20, 2015, the EEOC notified Plaintiff that her intake questionnaire constituted a charge of employment discrimination and notified Walgreens of Plaintiff's charge of discrimination (Doc. 33-2). The EEOC indicated that it would not investigate Plaintiff's charge until Plaintiff signed and returned an EEOC Form 5, Charge of Discrimination (the "Form") within 30 days (*Id.*). On February 16, 2015, Plaintiff submitted the Form within the required 30 days and it was subsequently file-marked by the EEOC (Doc. 20-4).

## Discussion

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all facts alleged in the Complaint and construes all reasonable inferences in favor of the plaintiff. *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir.2006). To state a claim upon which relief can be granted, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir.2002). There is an exception to this rule, however, that permits a court, in ruling on a motion to dismiss, to treat as part of the pleadings documents that are "referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir.2002).

Walgreens asserts that Plaintiff's ADA claim should be dismissed as untimely. Specifically, Walgreens argues that Plaintiff's charge with the EEOC is time barred because she filed it on February 16, 2015 – over 300 days following the first alleged ADA violation. Plaintiff counters that the intake questionnaire she submitted to the EEOC on December 8, 2014 - prior to the expiration of the 300-day limitations period - constitutes a valid charge under EEOC regulations.

The last page of the questionnaire specifically states that "[c]onsistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge." The questionnaire identifies Walgreens as Plaintiff's employer, alleges that she was the victim of disability discrimination, identifies witnesses, states her intent to file a charge of discrimination and authorizes the EEOC to investigate her claims. As such, Plaintiff's intake questionnaire – submitted prior to the expiration of the 300-day time limitation – contains the requisite information to constitute an EEOC charge of employment discrimination. *See Fugate v. Dolgencorp, LLC,* 555 F. App'x 600, 604 (7th Cir. 2014) (concluding that a charge is deemed filed when the intake questionnaire requests for an agency to take remedial action).

Walgreens also contends that Plaintiff's ADA claim should be dismissed because a refusal to accommodate is a discrete act – not and ongoing omission – and therefore the so-called

3

continuing violation theory does not apply.[1] This argument, however, is premised upon a determination that Plaintiff's intake questionnaire does not constitute a charge of discrimination. Having found that the questionnaire constitutes a timely charge of discrimination, Walgreens' arguments regarding the continuing violation theory are irrelevant. Accordingly, Defendant Walgreen Company's Partial Motion to Dismiss (Doc. 30) is denied in its entirety.

**IT IS SO ORDERED.**

**DATED: June 22, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

---

[1] The continuing violation theory concerns a claim based on an ongoing policy rather than discrete acts of discrimination. *See Teague v. Nw. Mem'l Hosp.,* 492 F.App'x 680, 684 (7th Cir. 2012).